UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
|    John J. Borik, Jr. and | ) | Bankruptcy Case No.: 10-42282 |
|    Virginia Borik | ) | |
| | ) | Judge Jacqueline P. Cox |
|       Debtors | ) | |

John J. Borik, Jr. and
Virginia Borik

        Plaintiffs,                         Adversary No.: 10 A 2248

Bank of America

        Defendant,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Bank of America, Inc., the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 510 West 44th Place, Chicago, Illinois 60609.

2. Bank of America is a lender and/or servicer of mortgages.

3. Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code on September 21, 2010 in the Northern District of Illinois, case number 10-42282.

4. This adversary proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 510 West 44th Place, Chicago, Illinois 60609 described as follows:

   LOT 72 IN THE SUBDIVISION OF CIRCUIT PARTITION (EXCEPT BLOCKS 3, 5, 8, 12, AND 15 THEREOF) OF THE NORTH 1/2 OF THE SOUTH 1/2 OF THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 4, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THE EAST 299 FEET THEREOF, IN COOK COUNTY, ILLINOIS.

   Parcel ID#: 20-04-315-045-0000

7. The fair market value of the real estate is $165,000.00 pursuant to the original adversary complaint.

8. A first mortgage lien is currently held by Bank of America in the amount of $177,465.00 pursuant to the originally filed adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $177,465.00, exceeds the value of the above real estate, $165,000.00.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed:
Judge Jack B. Schmetterer

1/20/11

JAN 27 2011

Thomas W. Toolis
ARDC # 6270743
Attorney for Plaintiff
Jahnke, Sullivan & Toolis, LLC
9031 W. 151st Street, Suite 203
Orland Park, IL 60462
708-349-9333